UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARNOLD FELDMAN, M.D. and
SOUTHWEST MISSISSIPPI
ANESTHESIA, P.A., INC. D/B/A
THE FELDMAN INSTITUTE

VERSUS

THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES
and CENTERS FOR MEDICARE &
MEDICAID SERVICES, KATHLEEN
SEBELIUS in her official capacity as
Secretary of D.H.H.S., MARILYN
TAVENNER, in her official capacity
as Administrator of CMS, and
PINNACLE BUSINESS SOLUTIONS,
INC.

CIVIL ACTION

NO. 12-246-BAJ-SCR

**RULING**

These matters are before the Court on a Motion for a Temporary Restraining Order ("TRO") filed by plaintiffs, Arnold Feldman and the Feldman Institute ("Plaintiffs") (doc. 8), and a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. Rule 12(b)(2) (doc. 7), filed by the defendants in the above-captioned matter ("Defendants"). Both motions were filed on August 1, 2012. Pursuant to Fed. R. Civ. Proc. Rule 65, Plaintiffs seek to prevent Defendants from recouping allegedly improperly paid sums of money that were paid to Plaintiffs by the Centers for Medicare and Medicaid Services ("CMS") at the time of the initial processing of the claims. Defendants have

opposed Plaintiffs' motion (doc. 9), and Plaintiffs have opposed Defendants' motion (doc. 14).  A hearing was held on the issue of subject-matter jurisdiction on August 8, 2012.

## BACKGROUND

Plaintiffs submit that they operate a pain management clinic in Baton Rouge, Louisiana, which provides medical services to approximately 2000 patients, many of whom qualify for benefits under the Medicare statute.  The clinic employs approximately 40 employees (doc. 8-1, p. 2).  Plaintiffs assert that one of the defendants, Pinnacle Business Solutions, Inc. ("Pinnacle"), is a private organization that processes Plaintiffs' reimbursement claims for services rendered to eligible Medicare beneficiaries.  Pinnacle acts as a fiscal intermediary between CMS and Plaintiffs (doc. 8-1, p. 2).  Plaintiffs further assert that AdvanceMed[1] is a contractor that was awarded a contract with CMS to reopen or revise any initial determination regarding payment for medical services rendered, and to then make binding recommendations to Pinnacle or CMS regarding payment of Medicare claims (doc. 8-1, p. 3).

Plaintiffs contend that in October of 2009, AdvanceMed began conducting a post-payment review of paid Medicare claims that were previously reimbursed by Pinnacle (doc. 8-1, p. 3).  Plaintiffs further contend that in December of 2010, AdvanceMed notified Plaintiffs that Dr. Feldman was overpaid by $1,039,528.00, and retroactively denied coverage for 99.1 percent of all claims reviewed (doc. 8-

---

[1] AdvanceMed is not a defendant in this case.

1, p. 3). As a result, Plaintiffs assert that Pinnacle issued a demand letter for the allegedly delinquent sum that advised Plaintiffs that if the payment was not made in full by January 19, 2011, Pinnacle would withhold all reimbursement payments owed Plaintiffs until payment in full was received (doc. 8-1, p. 4).

To avoid making the payment in full, Plaintiffs allege that they entered into a repayment plan, under which they would make a monthly payment of $14,350.00 over a period of 60 months (doc. 8-1, p. 5). Plaintiffs further allege that Pinnacle accepted 3 payments in the above amount before advising Plaintiffs—in a letter dated January 12, 2012—that the time frame of the repayment plan would be reduced to 36 months, which would increase Plaintiffs' monthly payments to $18,389.63 per month. The letter also asserted that a default would result in Plaintiffs' account being set at a 100 percent withholding (doc. 8-1, p. 5).

Plaintiffs aver that as of January 18, 2011, they began the administrative appeal process by filing a Request for Redetermination with Pinnacle. They subsequently received an unfavorable decision (doc. 8-1, p. 4). On May 26, 2011, Plaintiffs filed a Request for Reconsideration with the Qualified Independent Contractor, to continue their appeals process (doc. 8-1, p. 4). Plaintiffs allege that they received a partially favorable decision from the Qualified Independent Contractor, who found that Plaintiffs owed a balance of $543,093.00 (as opposed to the original balance of $1,039,528.00) (doc. 8-1, p. 4).

However, Plaintiffs submit that they still disputed the amount owed, and submitted an appeal to the Office of Medicare Hearings and Appeals, requesting an Administrative Law Judge Hearing of the remaining claims (doc. 8-1, p. 4). Plaintiffs further submit that the hearing would be the first time they would receive an evidentiary hearing and the opportunity to argue their claims before a neutral third party (doc. 8-1, p. 4). Plaintiffs assert that their claims have now been pending before the Administrative Law Judge for more than ten months,[2] and that they cannot afford to continue to make the monthly payments (in either of the amounts) (doc. 8-1, pp. 4-5). Plaintiffs further assert that a default is imminent, and they do not have the means to survive a 100 percent recoupment, thus they will suffer irreparable harm unless injunctive relief is granted (doc. 8-1, pp. 5-6).

Defendants move to dismiss this action based on lack of subject matter jurisdiction, asserting that Plaintiffs' have failed to exhaust administrative remedies available to them (doc. 7, p. 1). Defendants argue that, by seeking to enjoin the Secretary from collecting the alleged overpayment, Plaintiffs are attempting to bypass the statutory and administrative review scheme that Congress intended to apply to this type of dispute (doc. 7-1, p. 2). Defendants contend that both the Supreme Court of the United States and the United States

---

[2] Plaintiffs argue that, pursuant to 42 C.F.R. § 405.1016, an Administrative Law Judge is required to issue a decision no later than the end of the 90-day calendar period beginning on the date the request for hearing is received. However, the Court notes that it will not address an issue that is currently pending before another judge.
    Nonetheless, the Court notes that, pursuant to 42 C.F.R. § 405.1104(a), Plaintiffs may request a review by the Medicare Appeals Council when an Administrative Law Judge does not issue a decision timely. Plaintiffs have not set forth any evidence which would suggest they have attempted to request a review.

Court of Appeals for the Fifth Circuit have established that exhaustion of administrative remedies is a strict jurisdictional prerequisite to filing suit under the Medicare Act, and that where a provider seeks immediate injunctive relief without prior exhaustion, the suit must be dismissed (doc. 701, p. 2).

## LAW AND ANALYSIS

"Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson,* 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins. Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974)).

However, jurisdiction "is a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002). A federal district court is a court of limited

jurisdiction and can only exercise that jurisdiction which is statutorily conferred upon it by Congress. *Margin v. Sea-Land Services, Inc.*, 812 F.2d 973, 976 (5th Cir. 1987). Congress imposed particular limitations on the jurisdiction of federal courts to review disputes arising under the Social Security Act.

The Medicare Act, 42 U.S.C. § 1395 ("The Act"), establishes a federally subsidized health insurance program that is administered by the Secretary. The jurisdiction of a federal court to review a claim arising under the Medicare Act is conferred by 42 U.S.C. § 402(g) which, as made applicable to the Medicare Act by 42 U.S.C. § 1395ff, provides: "[a]ny individual, after a final decision of the [Secretary] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Secretary] may allow." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1395ff.

42 U.S.C. § 405(g) is the sole means of obtaining judicial review of a claim arising under The Act and 42 U.S.C. § 405(h), as incorporated by 42 U.S.C. § 1395ii, bars judicial review in any manner other than that set forth in Section 405(g). Accordingly, one must exhaust the administrative remedy provided by the Secretary before judicial review can be sought and 28 U.S.C. § 1331 federal question jurisdiction can be invoked. *See Shalala v. Il. Council on Long Term Care, Inc.*, 529 U.S. 1, 120 S.Ct. 1084 (2000); *Heckler v. Ringer*, 466 U.S. 602,

104 S.Ct. 2013 (1984); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282 (5th Cir. 1999).

The Act and implementing regulations provide four levels of administrative review: a redetermination; a request for reconsideration; a hearing before an Administrative Law Judge; and a review by the Medicare Appeals Council ("MAC"). 42 U.S.C. § 1395ff; 42 C.F.R. 405.1100. As mentioned, *supra*, Plaintiffs initially sought a redetermination in January of 2011. After receiving an unfavorable decision, they then made a request for reconsideration and received a partially favorable decision in September of 2011. Subsequently, Plaintiffs requested a hearing before an Administrative Law Judge in September of 2011, which is still pending. Plaintiffs have yet to request an escalation to the MAC, pursuant to 42 C.F.R. §405.1100, *et seq*. Moreover, Plaintiffs acknowledge that they have not completed the administrative review process (doc. 1, ¶¶ 33-34). As such, Defendants assert that Plaintiffs cannot bring an action against the Secretary because they have failed to meet the jurisdictional requirements set forth by Congress in 42 U.S.C. § 405(g), and the Court agrees.

Plaintiffs assert that in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976), the Supreme Court has recognized an exception to the exhaustion of administrative remedies requirement. In *Mathews*, the Supreme Court held that jurisdiction under section 405(g) is determined by a two prong test. First, there must have been a presentment to the Secretary. *Id*., at 328; *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). This

7

element can never be waived and no decision of any type can be rendered if this requirement is not satisfied. *Id.* Second, the claimant must have exhausted his administrative review. *Id.* Here, both parties agree that Plaintiffs have not exhausted their administrative remedies. However, Plaintiffs assert (and *Mathews* provides) that exhaustion of administrative review may be waived.

Under *Mathews,* the claimant must satisfy a three-part test for the district court to find that exhaustion of administrative remedies is not necessary. 424 U.S. 319, 330-32. The claim at issue must be (1) collateral to a substantive claim of entitlement; (2) colorable in its showing that refusal of the relief sought will cause an injury which retroactive payments cannot remedy; and (3) one whose resolution would not serve the purposes of exhaustion. *Id.*

In *Mathews,* the Supreme Court held that the plaintiff's claim that a pre-deprivation hearing was constitutionally required was "entirely collateral" to his substantive claim of entitlement. 424 U.S. at 330–32. There, the individual's constitutional claim regarding his procedural rights involved an analysis of the Supreme Court's jurisprudence on the Due Process Clause, which involved completely separate issues from his challenge to the Secretary's decision to terminate benefits. The *Mathews* court noted that because of the plaintiff's "physical condition and dependency upon the disability benefits, an erroneous termination **would damage him in a way not recompensable through retroactive payments**. . .denying Eldridge's substantive claim. . . or upholding it.

. . at the post-termination stage, would not answer his constitutional challenge." *Id.*, at 331-32 (emphasis added).[3]

Here, although Plaintiffs have characterized their challenge as a procedural due process claim that is entirely collateral to their substantive claim of entitlement, the Court notes that it does not fall into the "entirely collateral" exception set forth in the *Mathews* case. The Fifth Circuit has held that "the constitutional tenor of a claim is not a determinative factor in deciding whether a claim is collateral. Instead, the exhaustion requirement is applicable to a constitutionally-based claim when that claim is 'inextricably intertwined' with a substantive claim of administrative entitlement." *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999).

Plaintiffs assert that they are not seeking a factual determination from the Court, they are merely seeking an injunction that would prevent Defendants from recouping funds until Plaintiffs are able to exhaust their administrative remedies (doc. 14, p. 4). Defendants assert that Plaintiffs' claims would require the Court to review the merits of the Secretary's decision, and are, therefore, "inextricably intertwined" and clearly not collateral, and the Court agrees (doc. 7-1, p. 6).

Plaintiffs' claim that allowing Defendants to recoup earned Medicare reimbursements without a hearing is a violation of their due process rights, which is a direct challenge to the Secretary's substantive and initial determination that

---

[3] The Court notes that in contrast to the plaintiff in *Mathews*, a denial or upholding of Plaintiffs' substantive claim will answer their constitutional challenge

9

overpayments were made to Plaintiffs, and, therefore "inextricable intertwined" with their substantive claim of entitlement (doc. 8-1, p. 7).  A favorable resolution of this claim would result in a cessation of the current recoupment process, a process that was ordered by the Secretary.  Therefore, the Court finds that the "*Mathews* exception" does not apply to Plaintiffs, and Plaintiffs must exhaust their administrative remedies prior to challenging the Secretary's order in federal district court.

Plaintiffs also assert that *Shalala v. Il. Council on Long Term Care, Inc.,* 529 U.S. 1, 120 S.Ct. 1084 (2000), "applies when there would be no review at all in the agency" (doc. 14, p. 6).  Plaintiffs further assert that "the Secretary's determination of a sustained or high level of payment error is not subject to administrative review, neither is the Secretary's decision to reopen the claims at issue" (doc. 14, p. 7). Moreover, Plaintiffs submit that "the Secretary has already rendered final decisions on the use of extrapolation as a result of a high error rate and whether or not there was good cause to reopen the claims at all" to support their argument that the channeling requirement of exhaustion of administrative remedies "has no place in this matter" (doc. 14, p. 7).

The Court declines to address the merits of this case before making a final determination on subject-matter jurisdiction.  However, the Court notes that the injunctive relief requested by Plaintiffs—for the enjoinment of the recoupment of funds throughout the duration of the administrative appeals process—is not related to whether the use of extrapolation is a final decision pursuant to §§

405(h) and (g), and, thereby, the Court would still be unable to grant Plaintiffs' requested relief.

In *McCarthy v. Madigan,* 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), the Supreme Court held that a prisoner who sought only money damages was not required to exhaust administrative remedies provided by Bureau of Prisons' grievance procedure.[4] The *McCarthy* case is not factually analogous to the present case. However, the Supreme Court recognizes the importance of exhaustion of administrative remedies when mandated by Congress. In *McCarthy*, the Supreme Court explained that "[o]f 'paramount importance' to any exhaustion inquiry is congressional intent. Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy*, at 144 (internal citations omitted). Therefore, as required by Congress and set forth in 42 U.S.C. § 405(h), the present action cannot be maintained in this Court. As such, the Court finds that subject matter jurisdiction does not exist over this claim.

---

[4] The issue in *McCarthy* is "whether a federal prisoner must resort to the internal grievance procedure promulgated by the Federal Bureau of Prisons before he may initiate a suit, pursuant to the authority of *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), solely for money damages." *Id.*, at 141.

11

## CONCLUSION

For all of the foregoing reasons, the Motion to Dismiss is **HEREBY GRANTED** (doc. 7), and this matter is **HEREBY DISMISSED** for lack of subject matter jurisdiction. Plaintiffs' Motion for a Temporary Restraining Order (doc. 8) is **HEREBY DENIED** as moot.

Baton Rouge, Louisiana, August 10, 2012.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA